Aramus Deshon HOLLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–04–00721–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 21, 2005.

Page E. Janik, Houston, for appellants.

Eric Kugler, Houston, for appellees.

Panel consists of Chief Justice Hedges and Justices Fowler and Frost.

**OPINION**

WANDA McKEE FOWLER, Justice.

Appellant pleaded guilty to evading arrest using a motor vehicle, a felony offense. *See* TEX. PENAL CODE § 38.04. The trial court sentenced appellant to two years' imprisonment in a state jail. Appellant asserts 1) the trial court did not have jurisdiction over his cause due to a faulty

indictment; 2) the sentence handed down was void since his indictment alleges only a misdemeanor; 3) he did not knowingly and voluntarily plead guilty to the offense charged; and 4) his sentence is excessive in violation of both the state and federal constitutions. We affirm.

## I. Factual and Procedural Background

On July 11, 2003, appellant drove his motorcycle past Officer J.E. Matamoros, who was on the side of the Gulf Freeway with a laser device recording the speeds of passing cars. Upon recording appellant's speed at 82 miles per hour—22 miles per hour above the speed limit—Officer Matamoros got into his car and pursued appellant. Appellant darted across all southbound lanes of traffic to exit the freeway at Airport Boulevard. Appellant glanced back to find that Officer Matamoros was still in pursuit, at which time appellant ran a red light at the Airport Boulevard intersection, disrupting traffic, reentered the Gulf Freeway and weaved in and out of traffic at high speeds. During the pursuit, Officer Matamoros noted that he himself was traveling at 135 miles per hour and still was losing ground to the fleeing appellant. Appellant again exited the freeway, this time at Fuqua Street, and continued south to the intersection of I–45 and Beltway 8, only to find that two wrecker trucks, whose drivers had been listening to the chase on their police band radios, had blocked the intersection. Appellant then stopped his flight, got off of his motorcycle and raised his arms in surrender.

The State charged appellant with evading arrest. Appellant pleaded guilty without a sentencing recommendation. The court, after hearing the facts, sentenced appellant to two years' incarceration in state jail. Appellant now presents this court with five points of error. Points of error one, two, and three are based upon appellant's contention that his indictment alleged a misdemeanor rather than a felony, while points of error four and five concern the allegedly excessive nature of his sentence.

## II. Analysis

*Point of Error One—Trial Court Jurisdiction*

■ Appellant's first point of error is that the indictment alleged only a misdemeanor offense, leaving the district court—a felony court—without jurisdiction. *See* Tex. Const. art. V, § 8; Tex. Code Crim. Proc. art. 4.05.[1]

■ The adequacy of an indictment is a question of law subject to de novo review. *State v. McCoy,* 64 S.W.3d 90, 92 (Tex. App.-Austin 2001, no pet.); *State v. Hoffman,* 999 S.W.2d 573, 574 (Tex.App.-Austin 1999, no pet.); *see also Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App. 1997) (en banc) (holding that mixed questions of law and fact not turning on credibility may be reviewed de novo); *Johnson v. State,* 954 S.W.2d 770, 771 (Tex.Crim. App.1997) (en banc) (holding that purely legal questions are reviewed de novo).

The section of the penal code under which appellant is charged—Section 38.04—states in part that, "A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him." Tex. Penal Code § 38.04(a). The statute classifies this offense as a misdemeanor. *Id* § 38.04(b). The offense is a

---

1. Appellant did not preserve error as to this issue. Because this type of jurisdiction is fundamental, however, it may be raised for the first time on appeal, without the usual requirements for preservation of error. *Bird v.Kornman,* 152 S.W.3d 154, 160 (Tex.App.-Dallas 2004, pet. denied).

felony, however, in the following circumstances:

(1) a state jail felony if the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section;

(2) a felony of the third degree if:

(A) the actor uses a vehicle while the actor is in flight and the actor has been previously convicted under this section.

*Id.* § 38.04(b)(1)-(b)(2)(A). Appellant claims that the indictment under which he was charged was faulty. The indictment states in pertinent part,

the Defendant, heretofore on or about July 11, 2003, did then and there unlawfully, intentionally flee from J. Matamoros, hereafter styled the Complainant, a peace officer employed by Houston Police Department, lawfully attempting to detain the Defendant, and the Defendant knew that the Complainant was a peace officer attempting to detain the Defendant, and the Defendant used a motor vehicle while he was in flight.

Thus, the indictment alleges each element of the misdemeanor crime: 1) intentional flight; 2) from a person the defendant knows is a peace officer; 3) who is lawfully attempting to arrest or detain the defendant. But the State intended to elevate the offense from a misdemeanor to a state jail felony by alleging one additional element—the use of a motor vehicle. The appellant claims that in order to charge him with the state jail felony offense of evading arrest, the State must have pleaded and proved the elements of the misdemeanor offense plus *both* use of a vehicle while in flight *and* that he had not been previously convicted under section 38.04. Appellant concludes that although the State pleaded and proved the use of a motor vehicle, because the State did not plead and prove an absence of prior convictions under section 38.04, the indictment can only be construed to allege the lesser misdemeanor offense.

We disagree. "An indictment or information must by direct and positive averments allege all of the constituent elements of the offense sought to be charged." *Chance v. State,* 563 S.W.2d 812, 814 (Tex.Crim.App.1978). The Penal Code defines "element of offense" as, "(A) the forbidden conduct; (B) the required culpability; (C) any required result; and (D) the negation of any exception to the offense." TEX. PENAL CODE § 1.07(a)(22). The nonexistence of prior convictions under section 38.04 does not fall into any of these categories. By implication, this means the Legislature did not intend for it to be an element of the offense. *See id; see also Hooker v. State,* No. 12–02–00173–CR, 2003 WL 22048243, at *4 (Tex.App.-Tyler Aug.29, 2003, pet. ref'd) (not designated for publication) (analyzing the statutory language of section 38.04 and holding that the legislature did not intend for the prosecution to plead and prove a negative).[2] We overrule appellant's first point of error.

*Point of Error Two—Sentence*

In his second point of error, appellant asserts that because the indictment alleged

---

2. We distinguish cases such as *Calton v. State,* 132 S.W.3d 29, 32–33 (Tex.App.-Fort Worth 2004, pet. granted), and *Ford v. State,* 112 S.W.3d 788, 791 (Tex.App.-Houston [14th Dist.] 2003, no pet.). In each of those cases the State alleged third-degree felony *evading arrest* under section 38.04(b)(2), and the courts held that the State must plead and prove prior conviction as an element of the crime of felony evading arrest. This is because in a(b)(2) case, prior conviction is part of the forbidden conduct—i.e. recidivism—that the statute intends to punish. The present case, however, involves a charge of evading arrest as a state jail felony under (b)(1). The forbidden conduct that (b)(1) is meant to punish is the evasion of arrest only.

only a misdemeanor, punishing the crime as a felony was reversible error. *See Ex parte McIver*, 586 S.W.2d 851, 854 (Tex. Crim.App. [Panel Op.] 1979) (holding that when statute authorized jury to recommend probation as to a period of confinement and impose a fine, a sentence that did the opposite by assessing confinement and recommending probation of a fine was deemed void). While this issue is not jurisdictional, it does turn on the same question as issue number one—whether the indictment alleged a felony or a misdemeanor. Thus, the same standard of review and reasoning would apply here to produce the same result—that the indictment did in fact allege a felony. Therefore, the punishment assessed was in agreement with the crime charged by the indictment.

*Point of Error Three—Guilty Plea*

Appellant also claims that his guilty plea was not knowingly and intelligently entered into, as required by the United States Constitution. *See* U.S. CONST. amend. XIV § 1; *Boykin v. Alabama*, 395 U.S. 238, 242–43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). To enter a guilty plea knowingly and intelligently means that the defendant is aware of the consequences of his plea and what it is that he is waiving when he pleads. *Henderson v. Morgan*, 426 U.S. 637, 650, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). Appellant does not claim that he did not know he was being charged with a felony, however, nor does he challenge the sufficiency of the court's admonishment. Instead, he claims his guilty plea to a felony offense was invalid because the charge in the indictment was allegedly a misdemeanor.

Thus, this claim, though disguised as an attack on the plea itself, presents the same alleged error as presented in issues one and two. As discussed above, the indictment charged felony evading arrest, and

appellant understood he was pleading guilty to a felony offense. Therefore, we overrule this point of error.

*Points of Error Four and Five—Punishment*

■ In points of error four and five, appellant asserts that the sentences lacked proportionality to the crime as required by the Texas and United States constitutions. *See Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (holding that a life sentence for a minor offense under state recidivist statute was unconstitutionally disproportionate to the crime); TEX. CONST. art. I, § 13. Appellant asserts that because there were no injuries or accidents resulting from the evasion, a sentence of two years' confinement, the maximum sentence under the statute, was disproportionate to the offense committed.

■ Even constitutional points of error must be asserted at trial or they will be deemed waived. *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex.Crim.App.1986) (en banc) (holding that error pertaining to sentencing could not be appealed unless it was raised in the trial court); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) (holding that claims of cruel and unusual punishment under both the state and federal constitutions were waived because they were not properly raised in the trial court). There is no evidence in the record, nor does appellant point to any evidence, that he timely objected to the sentence. Therefore, appellant has waived these issues.

Even if appellant had preserved error, the sentence was neither cruel nor unusual. Texas courts repeatedly have held that a punishment within the statutory guidelines is not excessive, and United States Supreme Court precedent supports this proposition. *See Rummel v. Estelle*, 445

U.S. 263, 284–85, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (holding that the line dividing petty from felony larceny and the appropriate punishment under recidivist statute were both largely within the discretion of the state legislature); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim.App. 1973) (declining to find a punishment for robbery with a firearm unconstitutional when it was within the statutory range); *Darden v. State*, 430 S.W.2d 494, 496 (Tex. Crim.App.1968) (holding that if punishment is within the statutorily prescribed range, it is beyond the province of the court to pass upon the question of excessive punishment); *Young v. State*, 644 S.W.2d 18, 22 (Tex.App.-Houston [14th Dist.] 1982, pet. ref'd) (holding that a sentence of twenty five years for assisting in an aggravated robbery was well within statutory boundaries and therefore constitutional). The permissible range of confinement for a state jail felony is 180 days to two years in a state jail. TEX. PENAL CODE § 12.35(a). The sentence imposed by the trial court was within the statutory range, and, therefore, not unconstitutionally cruel and unusual.

### III. Conclusion

For the foregoing reasons, each point of error raised by appellant is overruled and the judgment of the trial court is affirmed.