Opinion issued December 8, 2005

 













In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00149-CR
____________
 
DARREN ARTHUR POTH, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 228th District Court 
Harris County, Texas
Trial Court Cause No. 972,609
 

 
 
MEMORANDUM OPINIONAppellant, Darren Arthur Poth, pleaded guilty to the third-degree felony
offense of evading arrest


 without an agreed punishment recommendation from the
State. The trial court found appellant guilty and, after finding true the allegations in
two enhancement paragraphs that appellant had two previous felony convictions,
assessed his punishment at confinement for 25 years. In two points of error, appellant
contends that his plea of guilty was involuntary and his sentence of 25 years was
“illegal.” We affirm.Factual and Procedural Background 
           A Harris County grand jury issued a true bill of indictment, alleging that
appellant, before the commission of the instant offense of evading arrest, had been
convicted of three prior felony offenses: evading arrest, robbery, and burglary of a
building. On March 8, 2004, appellant’s trial counsel filed a motion for a psychiatric
exam to determine the sanity of appellant. Dr. Emilio Cardona conducted an initial
psychiatric exam on April 14, 2004 and recommended initiating treatment of
appellant for psychosis. On April 29, 2004, Dr. Ramon Laval, a psychiatrist with the
Forensic Unit of the Harris County Jail, examined appellant and stated that, in his
opinion, appellant was legally sane on or about the time of the instant offense and was
competent to stand trial. Laval re-examined appellant on October 19, 2004 and
reiterated his findings with respect to appellant’s sanity and competence. 
          On November 18, 2004, appellant signed a “Waiver of Constitutional Rights,
Agreement to Stipulate, and Judicial Confession” in which he pleaded guilty and
admitted to the acts alleged in the indictment. Appellant also signed
“Admonishments” and “Statements of Waivers of Defendant.” These forms
substantially complied with article 26.13(a) of the Code of Criminal Procedure.


 
There was “no agreed recommendation as to punishment.” The case was reset for a
pre-sentencing investigation (PSI) hearing, which was conducted on January 13,
2005. Appellant waived a court reporter at the PSI hearing and at sentencing. The
trial court’s handwritten notations on the docket sheet indicate that both appellant and
the State reviewed the PSI report and made no corrections. Handwritten notations on
the docket sheet also indicated that the “enhancements [were] found true.”Voluntariness of Plea
          In his first point of error, appellant asserts that, “given the entire record, the
trial court failed to make an adequate assessment as to whether the appellant’s plea
was knowing and voluntary as required by the Due Process Clause of the Fifth
Amendment.”


 Appellant asserts that the trial court had an affirmative duty to
produce a complete record relevant to the voluntariness determination, especially “in
a case like this in which the trial court is on notice that the defendant may have
psychological issues.” 
Standard of Review
          A plea of guilty should not be accepted unless it is free and voluntary. Tex.
Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2005). The voluntariness of a
plea is determined by an examination of the totality of the circumstances. Edwards
v. State, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.). When
a defendant states that he understands the nature of his plea and that it is voluntary,
on appeal the burden shifts to him to prove that his plea was involuntary. Id. 
          The Court of Criminal Appeals has explained that it is a due process violation
for a trial court to accept a defendant’s guilty plea without an affirmative showing
“spread on the record” that the plea was “intelligent and voluntary.” Aguirre-Mata
v. State, 125 S.W.3d 473, 474–75 (Tex. Crim. App. 2003) (citing Boykin v. Alabama,
395 U.S. 238, 242–44, 89 S. Ct. 1709, 1711–1712 (1969)). Such a constitutional
error in failing to make an adequate record requires reversal without regard to a harm
analysis. Id. However, the Court of Criminal Appeals has explained that Boykin “did
not specifically set out what due process requires to be ‘spread on the record’ except
to say generally that state courts should make sure that a guilty-pleading defendant
‘has a full understanding of what the plea connotes and of its consequences.’” Id. at
475. The reviewing court must reverse if the record supports an inference that the
defendant did not know the consequences of his plea, which a silent record would do,
and if, after simultaneously considering facts supporting an inference that the
defendant did know the consequences of his plea, the reviewing court is left with
“grave doubt” on the matter. Burnett v. State, 88 S.W.3d 633, 638 (Tex. Crim. App.
2002).
Adequacy of Record 
          Appellant argues that his case is proper for reversal because “appellant
underwent psychological testing on three separate occasions prior to his plea” and
“there is much in [the] record to suggest that the appellant’s plea arose out of a
confused mental state.” Given these circumstances, appellant asserts that the record
is inadequate to satisfy the Due Process Clause of the Fifth Amendment. 
          Appellant contends “given the evidence regarding appellant’s mental health,
there is ‘grave doubt’ as to the voluntariness of the appellant’s plea.” However, even
appellant concedes that by the time appellant entered his guilty plea, “competency
and sanity were not made issues.” Furthermore, there is much evidence in the record
affirmatively demonstrating that appellant was competent to enter a plea. One month
prior to appellant’s guilty plea, Dr. Laval, who examined appellant on two occasions,
stated that appellant “demonstrate[d] the present ability to . . . engage in a reasoned
choice of legal strategy. Thus, [appellant] should be considered competent to stand
trial at the present time.” There is no contradictory evidence as to this issue because
the initial evaluation by Dr. Cardona did not address the issues of competency or
sanity. Furthermore, the trial court signed an acknowledgment stating, in relevant
part, “I admonished the defendant of the consequences of his plea, I ascertained that
he entered it knowingly and voluntarily after discussing the case with his attorney. 
It appears that the defendant is mentally competent and the plea is free and
voluntary.” Appellant signed a judicial confession and pleaded guilty to the offense
in writing. The record also contains written plea admonishments, which were signed
and initialed by appellant.
          Appellant also signed a “Statements and Waivers” form waiving, among other
rights, his right to have a reporter’s record made of the plea proceedings. We note
that there is no requirement that a trial court orally inquire about the voluntariness of
a plea after a defendant has signed written admonishments, statements, or waivers,
and it is established that the defendant has understood them. See Lee v. State, 39
S.W.3d 373, 375 n.1 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Furthermore,
there is no constitutional requirement that appellant’s plea be noted in a court
reporter’s record. Id.; see also Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon
Supp. 2005) (permitting trial court to admonish defendant orally or in writing); Cantu
v. State, 988 S.W.2d 481, 484 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d)
(holding defendant who waived court reporter and received written admonishments
could not show plea was involuntary). Appellant has not presented evidence to rebut
the presumption that the guilty plea was free and voluntary, much less that
“appellant’s plea arose out of a confused mental state rather than his actual guilt.” 
Range of Punishment
          Appellant also contends that “[t]here is no affirmative showing in the record
that [he] had ever been admonished as to the very severe range of punishment for this
offense before his plea.” Appellant points to the fact that the admonishment
paragraph indicating appellant’s range of punishment as a habitual offender is not
initialed by appellant.
          The “Admonishments” form stated that the appellant faced the “Habitual
Offender” range of punishment of 25 to 99 years confinement.


 Again, we note that
appellant’s receipt of the statutory admonishments is prima facia evidence that his
plea was knowing and voluntary. See Martinez v. State, 981 S.W.2d 195, 197 (Tex.
Crim. App. 1998); Williams v. State, 960 S.W.2d 758, 759–60 (Tex. App.—Houston
[1st Dist.] 1997, no pet.). Although appellant’s initials are not contained next to this
provision, the record affirmatively supports a finding that appellant was nevertheless
aware of the range of punishment for his offense and the consequences of pleading
guilty to the offense. In the “Statements and Waivers” form, appellant initialed a
clause stating that he “under[stood] the admonishments of the trial court set out
herein and [he was] aware of the consequences of [his] plea.” Appellant also signed
at the end of the “Statements and Waivers” form. Furthermore, we note that even if
appellant had not properly been admonished as to the range of punishment, the Court
of Criminal Appeals has determined that there is no United States Supreme Court
authority holding either that due process requires an admonishment on the range of
punishment on a guilty plea or that the failure to give such an admonishment renders
a guilty plea invalid. Aguirre-Mata, 125 S.W.3d at 475 n.7. The record in this case
simply does not support appellant’s assertions that he was not properly admonished
or that his guilty plea was not knowingly and voluntarily entered. 
          Accordingly, we overrule appellant’s first point of error.
Sentencing Enhancements
          In his second point of error, appellant argues that his sentence of 25 years was
illegal because “the judgment reflects that only the first two enhancement paragraphs
were pled to and found to be true” and therefore the record supports a range of
punishment of only 2 to 20 years.
          Here, appellant is accused of the third degree felony offense of evading arrest,
i.e., having committed the instant offense of evading arrest when he had previously
been convicted of the felony offense of evading arrest. This primary offense was
further enhanced with two paragraphs alleging two prior, sequential felony
convictions for the offenses of robbery and burglary of a building. Accordingly,
appellant was subject to sentencing as a “habitual offender” with a specified term of
confinement of not more than 99 years or less than 25 years. See Tex. Pen. Code
Ann. § 12.42(d) (Vernon Supp. 2005). Appellant asserts that his prior conviction for
felony evading arrest was actually a third enhancement paragraph, and argues that his
sentence is illegal because the judgment reflects pleas of “true” to only two
enhancement allegations. Thus, appellant asserts that his sentence of 25 years is
beyond the permissible range of punishment for a third degree felony enhanced with
only one prior felony conviction.
          The elements of the third degree felony offense of evading arrest under section
38.04 are: (1) the actor intentionally fled from a person he knew was a peace officer
attempting to lawfully arrest him; (2) the actor used a vehicle in fleeing from the
officer; and (3) the actor has been previously convicted under section 38.04. Tex.
Pen. Code Ann. § 38.04(a), (b)(2)(A). The State must plead and prove the prior
conviction as an element of the offense of felony evading arrest. Holley v. State, 167
S.W.3d 546, 548 n.2 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Under
subsection (b)(2), a prior conviction is part of the forbidden conduct, i.e., recidivism,
that the statute intends to punish. Id. The statute’s language, structure, subject
matter, context, and history make it clear that a prior conviction constitutes an
element of the felony offense of evading arrest, and the prior conviction is not an
enhancement provision. Ford v. State, 112 S.W.3d 788, 791 (Tex. App.—Houston
[14th Dist.] 2003, no pet.). Furthermore, in his “Waiver of Constitutional Rights,
Agreement to Stipulate, and Judicial Confession,” appellant acknowledged the
allegations contained in the indictment, including the prior felony evading arrest, and
“confess[ed] that they [were] true.” Accordingly, it was not necessary that appellant
plead true to the prior conviction for evading detention.
          As the State notes, the judgment incorrectly reflects that appellant was
convicted of the state-jail felony of evading arrest with a motor vehicle when all of
appellant’s plea papers demonstrate that appellant was to be sentenced as a habitual
offender. The “Admonishments” form, which appellant signed, shows that he was
to be sentenced as a habitual offender for the third degree felony of evading arrest,
with a punishment range of “any term of not more than 99 years or less than 25
years.” “An appellate court has the power to correct and reform a trial court judgment
to make the record speak the truth when it has the necessary data and information to
do so.” Tex. R. App. P. 43.2(b); Nolan v. State, 39 S.W.3d 697, 698 (Tex.
App.—Houston [1st Dist.] 2001, no pet.). Here, appellant was convicted of the third
degree felony offense of evading arrest, enhanced with two prior, sequential felony
convictions.
          Accordingly, we overrule appellant’s second point of error. 
Conclusion
          We order the judgment reformed to correctly reflect that appellant was
convicted of the third degree felony offense of evading arrest. 
As reformed, we affirm the judgment of the trial court.
 

 
     Terry Jennings
     Justice

Panel consists of Justices Nuchia, Jennings, and Higley

Do not publish. Tex. R. App. P. 47.2(b)