COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-031-CR

CLAYTON FORREST SMITH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO 4. OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Clayton Forrest Smith appeals his eight-year sentence for aggravated robbery with a deadly weapon.  In his sole point, Smith argues that his “plea of guilty was involuntary and the sentence was excessive.”  Smith waived the making of a reporter’s record; only the clerk’s record is before us. For the reasons set forth below, we will affirm.

 In determining whether a plea is voluntary, we consider the record as a whole.  
Williams v. State
, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).  A record that indicates that the trial court properly admonished the defendant presents a prima facie showing that the guilty plea was made voluntarily and knowingly.  
Martinez v. State
, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); 
see 
Tex.
 
Code Crim. Proc. Ann.
 art. 26.13(a) (Vernon Supp. 2008).  When the record presents a prima facie showing that the plea was voluntary and knowing, the burden shifts to the defendant to show that he entered the plea without understanding the consequences.  
Edwards v. State
, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.). 

In this case, Smith pleaded guilty to the charge of aggravated assault with a deadly weapon and executed written plea admonishments.  
See
 
Tex.
 
Code Crim. Proc. Ann.
 art. 26.13(a).  In this document, Smith agreed in writing that he was “aware of the consequences of [his] plea” and that his plea was “knowingly, freely, and voluntarily entered.”  
See generally id. 
art. 26.13(b).  The clerk’s record, which is the only record before us, reflects that the trial court properly admonished Smith in writing and received a statement from Smith and Smith’s attorney that Smith understood the admonitions and was aware of the consequences of his plea.  
See id.  
Accordingly, the record reflects a prima facie showing that Smith’s guilty plea was made voluntarily.  
Harris v. State
, 887 S.W.2d 482, 484 (Tex. App.—Dallas 1994, no pet.).  The burden thus shifted to Smith to demonstrate that he did not understand the consequences of his plea, and based on the record before us—in which Smith himself acknowledges that the plea was voluntary—Smith has not met that burden.
(footnote: 2)  
See, e.g., Arreola v. State
, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.). 
 Furthermore, Smith, who waived the making of a reporter’s record, cannot rely on the absence of such a record on appeal to support the reversal of his conviction.  
See McDougal v. State
, 105 S.W.3d  119, 121 (Tex. App.—Fort Worth 2003, pet. ref’d) (holding “[a] criminal defendant may not waive the making of a record and then, on appeal, rely on the absence of evidence to support reversal of his conviction.”). 

Smith additionally argues that his eight-year sentence is excessive.  Aggravated assault with a deadly weapon is a first-degree felony, punishable by five to ninety-nine years’ incarceration.  
Tex. Penal Code Ann.
 §§ 12.32(a), 22.02(b)(1) (Vernon 2003).  The clerk’s record contains no indication that Smith objected to or filed a motion for new trial challenging his sentence.  Consequently, Smith’s excessive punishment issue is not preserved for our review.  
See, e.g., Holley v. State
, 167 S.W.3d 546, 549 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  Moreover, Smith’s eight-year sentence is within the permissible range and therefore is not excessive.  
Id. 
at 549—50 (citing numerous cases holding that “a punishment within the statutory guidelines is not excessive”).  We overrule Smith’s sole point.
(footnote: 3)
 Having overruled Smith’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 10, 2008

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Smith makes no factual allegation concerning, nor gives any reason for, his assertion that his plea was involuntary.

3:
In his appellate brief, Smith points out that, concurrently with the filing of his brief, he filed a motion to abate this appeal so that a record could be made on his motion for new trial.  Because we previously denied Smith’s motion to abate, we do not further address it here.