

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-049-CR

DANIEL MALDONADO                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Daniel Maldonado attempts to appeal from the trial court's determination to proceed to adjudication. The record shows that pursuant to a plea bargain agreement, Appellant pleaded guilty to aggravated assault with a deadly weapon, and the trial court placed him on deferred adjudication community supervision for seven years on December 8, 2006. The State filed

---

[1]*See* TEX. R. APP. P. 47.4.

a petition to proceed to adjudication on December 28, 2006, alleging that Appellant violated the terms of his deferred adjudication by committing the additional offense of aggravated assault with a deadly weapon, to which Appellant pleaded "not true."  On February 2, 2007, the trial court found that Appellant had committed the lesser-included offense of assault—bodily injury, proceeded to adjudication, and sentenced Appellant to ten years' confinement.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel has reviewed the history of the case, including detailing the evidence presented.  Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.[3]  Appellant filed a pro se brief asking for a reduction in sentence, a judgment of acquittal, and a reversal of the trial court's "judgment of revocation" due to errors that allegedly occurred during the revocation hearing.

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]*See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.[4] Only then may we grant counsel's motion to withdraw.[5]

The former version of article 42.12, section 5(b), which prohibited appeals from the trial court's decision to adjudicate, applies to this case because the revocation hearings were held before June 15, 2007.[6] Therefore, Appellant may not complain on appeal about the trial court's decision to proceed to adjudication.[7]

To the extent that Appellant intended in his pro se brief to complain that his sentence is excessive, we note that aggravated assault with a deadly weapon is a first-degree felony, punishable by five to ninety-nine years'

---

[4]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923.

[5]*See Penson v. Ohio*, 488 U.S. 75, 83–84, 109 S. Ct. 346, 351 (1988).

[6]*See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon 2006) (former version) ("No appeal may be taken from this determination [to proceed to adjudication].""), *amended by* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, §§ 53, 68, 2007 Tex. Gen. Laws 4404, 4421, 4422–23 (Vernon) ("This determination is reviewable in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred."); *see also Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).

[7]*See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (former version).

incarceration.[8]  The record contains no indication that Appellant objected to or filed a motion for new trial challenging his sentence.  Moreover, Appellant's ten-year sentence is within the permissible range.[9]

We have carefully reviewed counsel's brief and the record.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support the appeal.[10]  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL F:   GARDNER, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: March 13, 2008

---

[8] TEX. PENAL CODE ANN. §§ 12.32(a), 22.02(b)(1) (Vernon 2003).

[9] *Holley v. State,* 167 S.W.3d 546, 549–50 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing numerous cases holding that "a punishment within the statutory guidelines is not excessive").

[10] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).