COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-049-CR

 

 

DANIEL MALDONADO                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Daniel Maldonado
attempts to appeal from the trial court=s determination to proceed to adjudication.  The record shows that pursuant to a plea
bargain agreement, Appellant pleaded guilty to aggravated assault with a deadly
weapon, and the trial court placed him on deferred adjudication community
supervision for seven years on December 8, 2006.  The State filed a petition to proceed to
adjudication on December 28, 2006, alleging that Appellant violated the terms
of his deferred adjudication by committing the additional offense of aggravated
assault with a deadly weapon, to which Appellant pleaded Anot true.@  On February 2, 2007, the trial court found
that Appellant had committed the lesser-included offense of assaultCbodily injury, proceeded to adjudication, and sentenced Appellant to
ten years=
confinement. 

Appellant=s court‑appointed appellate counsel has filed a motion to
withdraw as counsel and a brief in support of that motion.  In the brief, counsel has reviewed the
history of the case, including detailing the evidence presented.  Counsel=s brief and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no reversible grounds on appeal and referencing any grounds that might
arguably support the appeal.[3]  Appellant filed a pro se brief asking for a
reduction in sentence, a judgment of acquittal, and a reversal of the trial
court=s Ajudgment of
revocation@ due to
errors that allegedly occurred during the revocation hearing.








In our duties as a reviewing
court, we must conduct an independent evaluation of the record to determine
whether counsel is correct in determining that the appeal is frivolous.[4]  Only then may we grant counsel=s motion to withdraw.[5]

The former version of article
42.12, section 5(b), which prohibited appeals from the trial court=s decision to adjudicate, applies to this case because the revocation
hearings were held before June 15, 2007.[6]   Therefore, Appellant may not complain on
appeal about the trial court=s decision to proceed to adjudication.[7]









To the extent that Appellant
intended in his pro se brief to complain that his sentence is excessive, we
note that aggravated assault with a deadly weapon is a first-degree felony,
punishable by five to ninety-nine years= incarceration.[8]  The record contains no indication that
Appellant objected to or filed a motion for new trial challenging his
sentence.  Moreover, Appellant=s ten-year sentence is within the permissible range.[9]

We have carefully reviewed
counsel=s brief and the record.  We
agree with counsel that this appeal is wholly frivolous and without merit; we
find nothing in the record that arguably might support the appeal.[10]  Accordingly, we grant counsel=s motion to withdraw and affirm the trial court=s judgment.

 

 

PER CURIAM

 

 

PANEL F:    GARDNER, HOLMAN, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
March 13, 2008











[1]See Tex. R. App. P. 47.4.





[2]386
U.S. 738, 87 S. Ct. 1396 (1967).





[3]See
Mays v. State, 904 S.W.2d 920, 922B23
(Tex. App.CFort
Worth 1995, no pet.).





[4]See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays,
904 S.W.2d at 923.





[5]See
Penson v. Ohio, 488 U.S. 75, 83B84,
109 S. Ct. 346, 351 (1988).





[6]See Tex. Code Crim. Proc. Ann. art. 42.12, _ 5(b) (Vernon 2006)
(former version) (ANo
appeal may be taken from this determination [to proceed to adjudication].@), amended
by Act of May 28, 2007, 80th Leg., R.S., ch. 1308, '' 53,
68, 2007 Tex. Gen. Laws 4404, 4421, 4422B23 (Vernon) (AThis
determination is reviewable in the same manner as a revocation hearing
conducted under Section 21 of this article in a case in which an adjudication
of guilt had not been deferred.@); see also Davis v. State,
195 S.W.3d 708, 710 (Tex. Crim. App. 2006).





[7]See Tex. Code Crim. Proc. Ann. art. 42.12, _ 5(b) (former
version).





[8]Tex. Penal Code Ann. ''
12.32(a), 22.02(b)(1) (Vernon 2003).





[9]Holley
v. State, 167 S.W.3d 546, 549B50
(Tex. App.CHouston
[14th Dist.] 2005, pet. ref=d) (citing numerous cases
holding that Aa
punishment within the statutory guidelines is not excessive@). 





[10]See
Bledsoe v. State, 178 S.W.3d 824, 827B28
(Tex. Crim. App. 2005).