WITHDRAWN 4-28-10
REISSUED 4-28-10



# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00170-CR

_____

**JOSE SILVERIO LUGO,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 278th District Court
Walker County, Texas
Trial Court No. 24229**

_____

## MEMORANDUM OPINION

_____

Jose Silverio Lugo appeals from a conviction for violating a protective order pursuant to Texas Penal Code Section 25.07.  TEX. PEN. CODE ANN. § 25.07 (Vernon 2003).  The trial court assessed punishment at confinement for eight (8) years in the Texas Department of Criminal Justice – Institutional Division.  *See id*. (g).  Lugo complains that the trial court lacked subject matter jurisdiction over the cause because the indictment as alleged failed to state a felony offense, and, in the alternative, that his sentence is illegal because he was convicted of a misdemeanor offense and sentenced to felony punishment.  Because we hold that complaints about the indictment must be

raised prior to the empanelling of the jury and the sentence is not illegal, we affirm the judgment of the trial court.

In his first issue, Lugo complains that the district court lacked subject matter jurisdiction over this cause because the indictment did not allege a felony offense, but merely a misdemeanor offense. Lugo did not object to the indictment prior to trial. In 1985, Section 1.14(b) of the Code of Criminal Procedure was amended to require that all defects in indictments, whether of form or substance, must be objected to prior to empanelling the jury in order to preserve the objection for appeal. *See* TEX. CODE CRIM. PROC. ANN. § 1.14(b) (Vernon 2005). The Texas Court of Criminal Appeals has held that this extends to matters of subject matter jurisdiction in instances such as this, where it is evident from the face of the indictment that the State intended to charge him with a felony offense. *See Kirkpatrick v. State*, 279 S.W.3d 324, 329 (Tex. Crim. App. 2009) (*citing Teal v. State*, 230 S.W.3d at 182 (Tex. Crim. App. 2007)). Further, Lugo's application for probation filed with the trial court indicates his understanding that he was on trial for a third degree felony. We find that Lugo waived any complaint regarding the defectiveness of the indictment by failing to bring his objection to the attention of the trial court. *See* TEX. CODE CRIM. PROC. ANN. § 1.14(b) (Vernon 2005); *see also Kirkpatrick*, 279 S.W.3d at 329. Lugo's first issue is overruled.

In his second issue, Lugo argues that his sentence is void because it imposes felony punishment for a misdemeanor conviction. *See Ex parte McIver*, 586 S.W.2d 851, 854 (Tex. Crim. App. [Panel Op.] 1979) (holding that when statute authorized jury to recommend probation as to a period of confinement and impose a fine, a sentence that did the opposite by assessing confinement and recommending probation of a fine was

deemed void). Lugo was sentenced to eight (8) years imprisonment which is within the range of punishment for a third degree felony offense. *See* TEX. PEN. CODE ANN. § 12.34 (Vernon 2003).

While this issue is not jurisdictional, it does turn on the same question as issue number one--whether the indictment alleged a felony or a misdemeanor. Thus, the same reasoning would apply here and would produce the same result; that the indictment did intend to allege a felony. Further, Lugo did not raise any alleged charge error in this appeal complaining of any language Lugo contends is erroneous, he makes no contention that the evidence is legally or factually insufficient, nor does he assert that he received ineffective assistance of counsel. The punishment assessed was in agreement with the crime charged by the indictment that had not been objected to before trial, that being a third degree felony violation of a protective order. *See Holley v. State*, 167 S.W.3d 546, 548-49 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Therefore, the punishment assessed was within the range of punishment for a third degree felony, which is two to ten years' confinement in the Texas Department of Criminal Justice and a fine not to exceed $10,000.00. TEX. PEN. CODE ANN. § 12.34 (Vernon 2003). We overrule Lugo's second issue.

*Conclusion*

We find that any complaint regarding Lugo's indictment was required to be raised to the trial court prior to the empanelling of the jury and that the sentence imposed was not illegal. We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed December 30, 2009
Do not publish
[CR25]