**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00197-CR**
_____

**ADAM RUBERT LITTLEPAGE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 11-10942**

**MEMORANDUM OPINION**

Adam Rubert Littlepage pleaded guilty under a plea agreement to felony theft. The trial court found the evidence sufficient to find Littlepage guilty, but deferred further proceedings and placed him on five years of community supervision and assessed a $500.00 fine. The State subsequently filed a motion to revoke. Littlepage pleaded "true" to violating two conditions of his community supervision.

1

In two appellate issues, Littlepage contends the trial court erred in assessing the maximum sentence without considering the entire range of punishment, and in assessing a $500 fine in the written judgment in the absence of an oral pronouncement of a fine at the time of sentencing. We affirm the trial court's judgment as modified.

A trial court's arbitrary refusal to consider the entire range of punishment constitutes a denial of due process. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005). In this case, the record does not indicate that Littlepage objected to his sentence. *See* Tex. R. App. P. 33.1(a). Even if Littlepage had objected, absent a clear showing to the contrary, we presume that the trial court was neutral and detached in sentencing the defendant and that the trial court considered the full range of punishment. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Littlepage does not argue that the trial court was biased or partial, nor does he point to any evidence in the appellate record to demonstrate that the trial court failed to consider the whole range of punishment. And our review of the record does not indicate that the trial court made comments indicating bias, partiality, or a failure to consider the entire punishment range. *See id*. at 645-46.

Furthermore, Littlepage's sentence is within the statutorily authorized range of punishment for the charged offense. *See* Tex. Penal Code Ann. §§ 12.35(a),

31.03(a),(b)(2),(e)(4) (West Supp. 2013).[1] Generally, a sentence that is within the range of punishment established by the Legislature will not be disturbed on appeal. *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.); *see also Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). This includes sentences imposed at the statutory maximum. *See Holley v. State*, 167 S.W.3d 546, 549-50 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

Littlepage argues that he was punished for drug addiction, and that punishing a person for being a drug addict constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. The record shows that when his sentence was pronounced, Littlepage did not make this objection, and therefore he waived this complaint. *See* Tex. R. App. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 119-20 (Tex. Crim. App. 1996) (stating defendant forfeited complaint about his constitutional right to be free from cruel and unusual punishment by failing to raise objection in the trial court). To the extent Littlepage argues that the trial court did not consider the mitigating circumstances Littlepage presented, we note that the record does not

---

[1]Because the amendments to sections 12.35 and 31.03 are not material to this case, we cite to the most recent publication of the respective statutes.

reflect that the trial court refused to consider any of the evidence that Littlepage offered.[2] Accordingly, we overrule Littlepage's first issue.

In his second issue, Littlepage argues the trial court abused its discretion by assessing a $500 fine against him in the written judgment adjudicating guilt when there was no pronouncement of the fine in the oral rendition of judgment at the revocation and adjudication hearing. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). The State concedes error and asks this Court to affirm the judgment, but modify it to delete the fine.

The trial court's oral pronouncement sentenced Littlepage to two years in state jail and did not assess a fine. The first page of the written judgment reflects the defendant's punishment as two years in prison with no amount indicated in the fine column. The second page of the judgment notes a fine of $500. To the extent there is a variance between the trial court's oral pronouncement of judgment and the written judgment, the oral pronouncement controls. *Id.* at 500-02 (affirming court of appeal's modification of judgment to remove fine assessed in the written judgment, but not orally pronounced); *Ex parte Madding*, 70 S.W.3d 131, 135

---

[2]In his appellate brief, Littlepage requested that the "record . . . be amended to allow a supplemental reporter's record as to all cases which were sentenced at the same date and time as [Littlepage's sentencing]." He cites no authority to support his request that would, if granted, allow the record to be altered in such a manner. Furthermore, his request would seek to introduce evidence that was not presented to the trial court. *See* Tex. R. App. P. 38.1(i).

(Tex. Crim. App. 2002). As requested by appellant and recommended by the State, we modify the written judgment to delete the $500 fine and any order to pay it.

We affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b).

AFFIRMED AS MODIFIED.

_____
LEANNE JOHNSON
Justice

Submitted on July 7, 2014
Opinion Delivered September 3, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

5