**Tracy Scott HERGERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 09–05–472 CR, 09–05–473 CR.

Court of Appeals of Texas, Beaumont.

Submitted on May 31, 2006.

Opinion Delivered June 28, 2006.

Wm. H. Harris, Germer Gertz, LLP, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Ann Manes, Asst. Crim. Dist. Atty. Beaumont, for state.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Tracy Scott Hergert appeals his convictions for burglary of a building (Cause No. 88998) and forgery (Cause No. 89092). In accordance with plea bargain agreements, the trial court deferred adjudication of guilt and placed Hergert on community supervision in each case. The State subsequently moved to adjudicate. Hergert pled true to violating the terms of the community supervision order by failing to complete a court-ordered program at a Substance Abuse Felony Punishment Facility ("SAFPF"). The trial court proceeded with an adjudication of guilt and sentenced Hergert to two year terms of confinement in each case, and ordered that the sentences be served consecutively. Adjudication and sentencing occurred in the course of a single hearing. On appeal, the appellant complains that the trial court was unconstitutionally biased, that his trial counsel was unconstitutionally ineffective, and that the sentences imposed are unconstitutionally cruel. To the extent we are vested with appellate jurisdiction to review these complaints, we hold the proceedings withstand constitutional scrutiny and affirm the judgments.

First, Hergert contends the trial court failed to function as an impartial tribunal for sentencing purposes. The appellant concedes he did not raise this complaint at trial but contends on appeal that because the alleged error is "fundamental (structural)," no objection is required to preserve the issue for appeal. The United States Supreme Court recognized that a trial before a biased trial judge presents a structural error. *See generally Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927).[1] The term "structural error" identifies a concept relating to harm analysis, not preservation of error. Hergert's

---

1. In *Tumey* a mayor held a direct pecuniary interest in obtaining convictions in the court where he presided because the fines paid funded his budget. 273 U.S. at 520, 535, 47 S.Ct. 437.

complaint is more precisely classified as a claimed violation of a systemic requirement.[2]

▮ That an error might be systemic, and therefore exempt from procedural default under state law, is a different issue than whether the error is cognizable on direct appeal from a conviction following deferred adjudication of guilt. For instance, denial of counsel is both systemic error and structural error; however, denial of counsel in a deferred adjudication hearing is not appealable. *Compare Gideon v. Wainwright*, 372 U.S. 335, 344–45, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), with *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim.App.1992).[3] The statutory limitation on this appeal is explained in *Hogans v. State*, 176 S.W.3d 829, 832–33 (Tex.Crim. App.2005) as follows:

> Under Article 42.12, Section 5(b) of the Code of Criminal Procedure,[4] if the defendant violates a condition of deferred-adjudication community supervision, he is entitled to a hearing "limited to the determination by the court of whether it proceeds with an adjudication of guilty on the original charge. No appeal may be taken from this determination." The Texas Legislature has decreed that the courts of appeals do not have jurisdiction to consider claims relating to the trial court's determination to proceed with an adjudication of guilt on the original charge. Thus, if an appeal raises a claim of purported error in the adjudication of guilt determination, a court of appeals should dismiss that claim without reaching the merits.

However, that same statute continues: "After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred." In *Issa v. State* [5] we held that when "a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment."

▮ Thus, the defendant is entitled to a punishment hearing after the adjudication of guilt, and the trial judge "must allow the accused the opportunity to present evidence" in mitigation of punishment. In later cases, however, we decided that this requirement is satisfied as long as the defendant has an opportunity to present evidence in mitigation of guilt, either before or after adjudication. For example, we

2. "A 'systemic requirement' (also known as an 'absolute requirement or prohibition') is a law that a trial court has a duty to follow even if the parties wish otherwise. Any party that is entitled to appeal may complain on appeal that such a requirement was violated, even if the party failed to complain about the failure or waived the application of the law." *Mendez v. State*, 138 S.W.3d 334, 340 (Tex.Crim. App.2004).

3. As an aside, we note that the failure to appoint counsel for an indigent defendant who had not waived the right to counsel is one of the four enumerated examples of the "void judgment exception" to the general rule

that error in the original plea hearing cannot be raised on appeal following adjudication. *Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim.App.2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999). Hergert's complaints concern the adjudication hearing, not the plea hearing, and do not implicate the void judgment exception recognized in Nix.

4. Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.2005).

5. *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim.App.1992).

stated in *Pearson v. State*,[6] "It is immaterial that the opportunity to present evidence came before the actual words of adjudication."

■ Thus, "although an appellant cannot appeal the trial court's decision to adjudicate guilt, an appellant sentenced under a guilty plea agreement can appeal aspects of the 'second phase to determine punishment.'" Consequently, while a defendant may not raise on direct appeal a claim of ineffective assistance (or even an absence) of counsel that allegedly occurred at the proceeding to adjudicate guilt, he may raise on direct appeal a claim of ineffective assistance that allegedly occurred at the punishment proceeding.

Only claims that directly and distinctly concern the punishment phase of the adjudication proceedings are subject to review on direct appeal. 176 S.W.3d at 834. A close examination of the record demonstrates that Hergert's complaint regarding the judge's comments does not relate directly and distinctly to punishment but concerns the decision to adjudicate. During the hearing, defense counsel informed the trial court that Hergert wanted to address the court as to his reasons for leaving the SAFPF. Appellant addressed the court as follows:

THE COURT: Go ahead.

THE DEFENDANT: Yes, sir. I got to SAFPF or I got to county jail and I was looking forward to going to SAFPF. I was going to go do the program and I got there and it really didn't seem to be addressing my needs, the addiction needs that I had. So, the way the program is set up was that you go to group four times a day, four hours a day in the mornings. It's like a pep rally, kind of, do world to world and recognize—

THE COURT: *I'm not trying to be rude, but you're boring me with all that. I don't care to know.*

THE DEFENDANT: I didn't think it was addressing my needs.

THE COURT: I don't care to know what your personal opinion about the program is because it does work for a lot of people. *What else do you have to say?*

THE DEFENDANT: Just at this time, I'm asking you to consider revoking my probation and give me the minimum sentence you think is fair.

THE COURT: Okay. [emphasis added]

The appellant casts the trial judge's comments as a refusal to consider proffered punishment evidence. However, we view the trial judge's statements as an articulation that the appellant's explanation for his failure to complete the program was unpersuasive. Appellant contends the comments demonstrate that he was deprived of a meaningful opportunity to present mitigating evidence in punishment and the trial judge did not function as a neutral, detached officer; however, his comments relate exclusively to the appellant's failure to complete the drug treatment program. That failure happens to be the State's sole ground for revoking the community supervision orders and proceeding with adjudication of guilt. Although the appellant, in effect, asked the trial court to consider the program's shortcomings in mitigation of punishment, the trial court's comments regarding the weight of that evidence directly affected the decision to adjudicate. Furthermore, by expressly asking Hergert, "What else do you have to say?", the trial judge clearly presented Hergert with an opportunity to present additional evidence in punish-

---

6. *Pearson v. State,* 994 S.W.2d 176, 179 (Tex. Crim.App.1999).

ment. We overrule the appellant's complaints in issues one and two.

■ In his third issue, Hergert contends that trial counsel was ineffective because during the hearing he did not object to the trial court's refusal and failure to consider mitigating evidence. *Hogans* directly addressed a claim of ineffective assistance of counsel on punishment. 176 S.W.3d at 835. The Court of Criminal Appeals held that the Court of Appeals properly dismissed the appeal because the appellate claim of ineffective assistance in calling appellant's children as witnesses during the adjudication hearing did not directly and distinctly affect only the punishment phase of the proceeding. *Id.* at 835–36. *Hogans* involved separate adjudication and punishment hearings and Hergert had a unitary proceeding, but the "temporal occurrence" did not affect the Court's analysis in *Hogans. Id.* at 836. In Hergert's cases, the claim of ineffectiveness concerns the trial court's reception of evidence directly affecting the decision to adjudicate. Article 42.12, section 5(b) precludes us from addressing the issue on direct appeal.

■ In his fourth issue, Hergert contends the individual sentence in each case and the cumulated sentences constitute cruel and unusual punishment under both the federal and state constitutions. *See* U.S. Const. amend. VIII; Texas Const. art. I, § 13. Hergert did not raise the issue in the trial court. On appeal, he does not contend that cumulated two-year sentences are not within the range permitted by the applicable statutes: he argues each sentence is disproportional considering the underlying facts of each case and the fact that he is a skilled, college-educated person. Appellant contends he committed his crimes because he has a twenty-five year history of drug and alcohol abuse compounded by mental illness. He agreed to drug treatment and asked to be removed from the program because it did not address his chemical dependency needs. Given his cooperation in the prosecutions, Hergert argues, the sentences are unconstitutionally cruel.

■ We recently held that the failure to raise an Eighth Amendment claim in the trial court waives the error. *Durgan v. State*, 192 S.W.3d 884, 887 (Tex.App.-Beaumont no pet. h.) (citing *Curry v. State*, 910 S.W.2d 490, 497 (Tex.Crim.App.1995)). *Durgan* was also a deferred adjudication appeal in which the appellant failed to complete SAFPF. *Id.* at 885. "For error to be preserved for appeal, the record must show appellant made a timely request, objection, or motion." *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex.App.-Dallas 2003, no pet.) (federal constitutional claim); *see also Holley v. State*, 167 S.W.3d 546, 549 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd) (state and federal disproportionate sentence claim); *Nunez v. State*, 117 S.W.3d 309, 320 (Tex.App.-Corpus Christi 2003, no pet.)[7] (cruel-and-unusual and disproportionate sentence claim); *Jacobs v. State*, 80 S.W.3d 631, 632–33 (Tex.App.-Tyler 2002, no pet.) (state constitutional claim); Tex.R.App. P. 33.1. Hergert did not object to the sentences allegedly violating his state or federal constitutional rights when he was sentenced or in post-trial motions. Because the issue is not preserved for appellate review, Issue Four is overruled.

■ Finally, Hergert contends he received ineffective assistance at the punishment phase of the proceedings because counsel failed to preserve the error raised

---

**7.** The Corpus Christi Court of Appeals overruled *Nunez* in part on other grounds in *Resendez v. State*, 160 S.W.3d 181, 186 (Tex. App.-Corpus Christi 2005, no pet.).

in Issue Four. Hergert suggests his drug problem and his failure to complete drug treatment somehow lessen rather than exacerbate his culpability for the burglary and forgery offenses, and argues counsel was ineffective for failing to object to the cumulation order and for failing to develop a record to support a disproportional sentence claim under *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), and *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).[8] To support his disproportional sentence claim, Hergert directs this Court to the page in the clerk's record in which the administrative hearing officer reported to the trial court that Hergert "insisted to me that he did not want to do this program any longer and that he figured he would do less time by finishing his State Jail sentence than by staying with this program to completion." Appellant does not present a statutory or procedural bar to cumulating the sentences, and he does not explain how the fact that he gave up his opportunity to avoid conviction and punishment for his admittedly drug-related crimes impacts the severity of the sentences imposed by the trial court.

Significantly, Hergert did not develop a record supporting his ineffective assistance claim on motion for new trial. *See Durgan*, at 887. "Absent evidence in the record to the contrary, we presume that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* (citing *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex.Crim.App.1999)). As is usually the case on direct appeal, the trial record does not reveal whether there could have been sound reasons or trial strategy to justify counsel's performance. *Id.* The records in Hergert's cases do not establish deficient performance by trial counsel. Issue Five is overruled. The judgments are affirmed.

AFFIRMED.

HOLLIS HORTON, Justice, dissenting.

Hergert complains that during the course of a combined adjudication-punishment hearing the judge exhibited bias. He further contends he should not be sentenced by a biased judge. The majority holds that we cannot review the error because the evidence to which Hergert points is not directly, distinctly, and *only* related to punishment, and cites *Hogans v. State*, 176 S.W.3d 829 (Tex.Crim.App.2005) as authority for the test it applies.

I disagree that we cannot review Hergert's alleged error on appeal. I further disagree that *Hogans* holds that the proffered evidence must relate *only* to punishment before the complaint is cognizable on appeal. In my opinion, Hergert's complaint that a biased trial judge sentenced him directly and distinctly relates to punishment.

The hearing in this case was both an adjudication and punishment hearing. Often in reviewing a hearing transcript, an appellate court may have difficulty in parsing the motives of the attorneys offering the evidence, the reasons the trial judge may have considered certain evidence relevant, or irrelevant, or the weight given by the trial court to the proffered evidence, if any, in its decision to adjudicate. Under the majority's interpretation of *Hogans*, the evidence must not only directly and distinctly relate to punishment, but be directly, distinctly, and *solely* related to punishment.

If the Court of Criminal Appeals standard requires that the proffered evidence

---

**8.** We questioned the continued viability of *Solem* in *Mathews v. State*, 918 S.W.2d 666, 668–69 (Tex.App.-Beaumont 1996, pet. ref'd).

be solely relevant to punishment and without any relevance to adjudication, it would not have been necessary that the Court analyze whether the allegation of ineffective assistance in *Hogans* was "rooted" in the adjudication hearing. *See Hogans,* 176 S.W.3d at 834. Additionally, the *Hogans* Court criticized as "too extreme" the State's position that the defendant could not assert that the proffered evidence related to his punishment because he offered the evidence in the adjudication phase. *Id.* at 833. The majority's analysis here, requiring that the proffered evidence be solely relevant to punishment, is just as extreme.

Under the circumstances in *Hogans,* the Court of Criminal Appeals held that the proffered evidence was directly and distinctly related to the decision to adjudicate, and not to the assessment of punishment. *Id.* at 836. In *Hogans,* the defendant contested the grounds of the State's claim that he violated the terms of the court's community supervision order. *Id.* at 831. Thus, the issue of whether Hogans violated the community supervision order was a viable issue. The evidence in issue, testimony from Hogans's children that tended to rebut his self-defense claims, occurred during the adjudication phase of his case.

In my opinion, *Hogans* requires that appellate courts examine the record and make a judgment regarding whether the trial judge considered the evidence for purposes of adjudicating guilt, or for purposes of adjudicating punishment. Under *Hogans,* the alleged error is cognizable on appeal if "the asserted error [ ] directly and distinctly concern[s] the second phase; [and] the claim must, on its face, relate to the sentence imposed, not the decision to adjudicate." *Id.* at 834.

In the case before us, Hergert pled true to violating the terms of the community supervision order by failing to complete a court-ordered program at SAFPF. Thus, his innocence was not a viable issue. At the hearing, but prior to the judge's making an adjudication decision, Hergert's attorney requested that the court allow Hergert to explain why he did not comply with the terms established for his deferred adjudication. After offering his explanation, Hergert said, "I'm asking you to consider revoking my probation and give me the minimum sentence you think is fair." Short of Hergert's attorney stating that the proffered evidence was offered solely on the issue of Hergert's punishment, I cannot imagine how it could be clearer that the purpose of the proffered evidence was for the court's consideration in assessing Hergert's punishment.

The majority holds that because the judge could have theoretically considered this same evidence in adjudicating Hergert's guilt, the evidence does not separately and distinctly relate to punishment. I concede that in a theoretical sense this evidence could be relevant to the trial court's decision to adjudicate, but in reality, it was not because Hergert pled true to the State's allegations. In my opinion, *Hogans* only requires that appellate courts make a judgment about whether the evidence directly and distinctly, but not solely, relates to punishment. My judgment is that Hergert's complaint directly and distinctly relates to punishment, so I disagree that we cannot review Hergert's claim on appeal.

Although I would hold that a claim that a trial court is biased directly and distinctly relates to punishment, and disagree with the majority that Hergert's claim is not subject to our review, the record does not show bias sufficient to constitute a violation of Hergert's right to due process. The trial court's comments in response to Hergert's explanation for not completing

his treatment program do not demonstrate any improper or prohibited bias of the trial court sufficient to constitute a denial of Hergert's due process rights. *Wesbrook v. State*, 29 S.W.3d 103, 121 (Tex.Crim.App. 2000). "Bias must come from an extrajudicial source and result in an opinion on the merits of the case other than what the judge learned from participation in the case." *Grimes v. State*, 135 S.W.3d 803, 819 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Rosas v. State*, 76 S.W.3d 771, 774 (Tex.App.Houston [1st Dist.] 2002, no pet.). As a result, I agree that the judgment should be affirmed.