In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-558 CV


____________________



IN RE TRACY SCOTT HERGERT






Original Proceeding






 MEMORANDUM OPINION 


 Tracy Scott Hergert seeks mandamus relief to compel the trial court to credit time
served while he was being held at a substance abuse facility pending return to the custody
of the trial court. In Cause No. 88998, the trial court ordered Hergert to complete a substance
abuse felony program as a condition of his deferred adjudication community supervision. 
Hergert's failure to complete the program resulted in the revocation of his community
supervision. We affirmed the conviction on appeal. See Hergert v. State, 197 S.W.3d 394
(Tex. App.-Beaumont 2006, no pet.). The Court of Criminal Appeals subsequently
dismissed Hergert's application for writ of habeas corpus with a notation that the sentence
had been discharged. See Ex parte Hergert, No. WR-66,255-01 (Tex. Crim. App. Dec. 6,
2006). This mandamus proceeding followed.

 Hergert contends the trial court abused its discretion in failing to credit his sentence
with time spent on community supervision at the Jester 1 Unit between his execution of a
refusal of treatment form and his transfer to county custody. The relator bases his claim for
relief on Article 42.03, which provides that "[i]n all criminal cases the judge of the court in
which the defendant was convicted shall give the defendant credit on his sentence for the
time that the defendant has spent in jail in said cause, other than confinement served as a
condition of community supervision, from the time of his arrest and confinement until his
sentence by the trial court." See Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (Vernon
Supp. 2006). Hergert argues he is entitled to time on his sentence because Jefferson County
placed a detainer on him at the SAFP facility. When Hergert filed his request for time credit
with the trial court, the court coordinator requested documentation. The mandamus petition
does not mention any further communications with the trial court. Hergert suggests the trial
court should ascertain the date he was discharged from the drug treatment program and credit
his sentence because, although Hergert made a good faith effort to obtain verification, he did
not receive a response to letters he sent to the Jester 1 Unit Program Administrator and to the
Department of Criminal Justice Classifications and Records Department. These letters are
inadequately addressed, are not referenced by the identification number assigned to Hergert,
and state he attended the facility in the wrong year. Furthermore, the relator does not suggest
that he communicated his difficulty in obtaining documentation to the trial court. 

 The trial court has the authority to correct the omission of presentence jail credit
through judgment nunc pro tunc. Ex parte Ybarra, 149 S.W.3d 147 (Tex. Crim. App. 2004). 
Mandamus is available to compel the trial court to respond to a nunc pro tunc motion for
presentence jail credit. Id. at 149. In this case, however, the relator has not shown that he
is entitled to the relief sought or that the motion awaited disposition for an unreasonable
length of time under the circumstances. See Ex parte Bates, 65 S.W.3d 133, 134-35 (Tex.
App.-Amarillo 2001, orig. proceeding). Moreover, Hergert's confinement in the SAFP
facility was a condition of community supervision. He failed to demonstrate that the act
sought to be compelled is purely ministerial and that relator has a clear and indisputable right
to relief. See State ex rel. Hill v. Court of Appeals for the Fifth Dist., 34 S.W.3d 924, 927
(Tex. Crim. App. 2001). The petition for writ of mandamus, filed December 19, 2006, is
denied.

 WRIT DENIED.

 PER CURIAM

Opinion Delivered January 18, 2007

Before McKeithen, C.J., Gaultney and Kreger, JJ.