Opinion issued May 3, 2007







 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01029-CR






JIMMIE RICHARDSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 984008






MEMORANDUM OPINION


 In one issue, appellant, Jimmie Richardson, contends that the trial court abused
its discretion when assessing his punishment following an adjudication of guilt. We
affirm.

Background


 Appellant was originally charged with aggravated assault of a family member,
enhanced by two prior felony drug convictions. The case proceeded to trial. The jury
deadlocked and the trial court declared a mistrial. The State abandoned the
enhancement paragraphs and reduced the charge to attempted aggravated assault, to
which appellant pleaded nolo contendere without an agreed recommendation. The
trial court placed appellant on deferred adjudication community supervision for four
years and assessed a $500 fine. 

 The State later filed a motion to adjudicate appellant's guilt, alleging that
appellant had not complied with a number of the terms of his community supervision,
including attending domestic violence counseling, reporting to his probation officer,
submitting a urine sample when requested, and failing to pay various fees. Appellant
pleaded "not true" to the allegations. The trial court conducted a hearing on the
motion to adjudicate at which it found the allegations in the State's motion to be true
and found appellant guilty of attempted aggravated assault. Following its decision
to adjudicate, the trial court immediately conducted a punishment hearing. The
parties agreed that the evidence offered during the adjudication proceeding would be
considered "offered" for purposes of the sentencing proceeding, subject to prior
objections. No further evidence was offered. At the conclusion of the punishment
proceeding, the trial court sentenced appellant to 10 years in prison. 

Punishment Complaint


 Appellant frames his sole point as follows: "The record demonstrates that in
the circumstances of appellant's case it was an abuse of discretion to sentence him to
the maximum punishment of ten years imprisonment, upon adjudication of his guilt." (1) 
Appellant points to "the lack of evidence in the record supporting the assessment of
the maximum punishment." (2)

 Appellant made no objection to his sentence in the trial court, either at the time
of sentencing or in any post-trial motion. To preserve error for appellate review, the
complaining party must first present his complaint to the trial court by a timely,
specific objection, request, or motion. See Tex. R. App. P. 33.1; Vidaurri v. State, 49
S.W.3d 880, 886 (Tex. Crim. App. 2001). 

 We have previously held that a defendant must raise a complaint regarding the
excessiveness of his sentence in the trial court to preserve the issue for appeal. See
Solis v. State, 945 S.W.2d 300, 301 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd).
More specifically, other appellate courts have held, in cases involving challenges to
sentences following an adjudication of guilt, that a defendant's failure to raise his
objection to the sentence in the trial court forfeits the complaint on appeal. See
Hergert v. State, 197 S.W.3d 394, 399 (Tex. App.--Beaumont 2006, no pet.); Trevino
v. State, 174 S.W.3d 925, 927-28 (Tex. App.--Corpus Christi 2005, pet. ref'd). 
Because he did not bring his sentencing complaint to the trial court's attention by
timely objection, request, or motion, appellant has not preserved this complaint for
our review. See Hergert, 197 S.W.3d at 399; Trevino, 174 S.W.3d at 927-28; see
also Tex. R. App. P. 33.1; Solis, 945 S.W.2d at 301. 

 We overrule appellant's sole point of error.




Conclusion


 We affirm the judgment of the trial court.





 Laura Carter Higley

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).
1. Attempted aggravated assault is a third-degree felony. See Tex. Pen. Code Ann.
§§ 15.01, 22.02 (Vernon 2003 & Supp. 2006). The punishment range for a third-degree felony is 2 to 10 years in prison and a fine not to exceed $10,000. Id. § 12.34
(Vernon 2003).
2. A defendant may appeal from a judgment adjudicating guilt when the issue raised on 
appeal relates, not to the adjudication decision, but to the punishment phase. See
Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001). The asserted error
must directly and distinctly concern the punishment phase; "the claim must, on its
face, relate to the sentence imposed, not to the decision to adjudicate." Hogans v.
State, 176 S.W.3d 829, 834 (Tex. Crim. App. 2005)
. Here, the asserted error is that
the trial court abused its discretion by assessing the maximum sentence when the
evidence offered did not support the maximum sentence. Because it relates directly
to the punishment phase, we have jurisdiction to consider the alleged error. See
Trevino v. State, 174 S.W.3d 925, 927 (Tex. App.--Corpus Christi 2005, pet. ref'd)
(holding that appellant's contention that trial court erred by assessing disproportionate
sentence to offense was challenge over which appellate court had jurisdiction because
it was unrelated to the decision to adjudicate guilt). To the extent that appellant, in
part, supports his sentencing challenge by attacking the trial court's decision to
adjudicate, such argument may not be considered in support of his challenge.