In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-365 CR


____________________



MAXIE LYNN BUCHANAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 89438






MEMORANDUM OPINION


 Maxie Lynn Buchanan appeals the punishment assessed by the trial court following 
adjudication for the offense of forgery. See Tex. Pen. Code Ann. § 32.21(a)(1)(B), (b)
(Vernon Supp. 2006) (1). The record reflects Buchanan had been placed on community
supervision in October of 2003, but had subsequently committed the offense of unauthorized
use of a motor vehicle ("UUMV"). At the hearing on the State's motion to adjudicate,
Buchanan pled guilty to the UUMV offense, and also pled true to having violated a condition
of his forgery community supervision by having committed the UUMV offense. Pursuant
to a negotiated punishment recommendation, the trial court found Buchanan guilty of the
UUMV offense and sentenced him to fourteen months of confinement in the Texas
Department of Criminal Justice, Correctional Institutions Division. After informing
Buchanan that the fourteen months for the UUMV offense would run concurrently with the
sentence in the forgery, the following colloquy took place between the trial court and the
parties: 

 THE COURT: Cause No. 89438, any evidence that you want to submit
for the sentencing portion?


 [Trial Counsel]: Your Honor, we had worked out an agreement, as the
Court just sentenced Mr. Buchanan, for 14 months state jail. We would ask
that the Court revoke Mr. Buchanan's community supervision in this cause
number, adjudicate him guilty of forgery and set punishment at 14 months
incarceration in the state jail in this case, as well.


 THE COURT: Any comments by The [sic] State?


 [State]: No, Your Honor. We note this is his first felony with
committing a new offense. I don't think he's suitable to remain on probation. 
In that case The [sic] State would not object if you choose to sentence him to
14 months.


 THE COURT: In Cause No. 89438 I find the evidence to be sufficient
to find Count 1 to be true. It is, therefore, true. I hereby revoke your
unadjudicated probation, now find you guilty of the offense of forgery. 
You're, therefore, guilty of that offense, assess your punishment at 18
months['] confinement in the state jail. You will receive credit for any and all
time that you're entitled to by law. Good luck to you, sir. 


The hearing concluded at that point without any further statements or complaints by
Buchanan or his counsel. The record does not contain a motion for new trial nor any other
post-conviction motion. Buchanan's lone issue on appeal reads: "Whether the punishment
was disproportionally high considering the nature of the offenses." 

 At the outset, we note that the offenses for which Buchanan was convicted, UUMV
and forgery, are state jail felonies, both having a punishment range of confinement for any
term of not more than two years or less than 180 days, and an optional fine not to exceed
$10,000. Tex. Pen. Code Ann. §§ 12.35(a), (b), 31.07(b) (Vernon 2003), 32.21(d) (Vernon
Supp. 2006). Thus, the eighteen-month sentence for forgery assessed by the trial court was
well within the statutorily prescribed punishment range for the offense. It is generally
recognized that a punishment that falls within the legislatively prescribed range "is
unassailable on appeal[,]" except for "very limited, 'exceedingly rare,'" and somewhat
extreme cases. See Ex parte Chavez, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006)
(quoting Lockyer v. Andrade, 538 U.S. 63, 72-73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). 
The Chavez Court noted the fact that it has previously described the sentencer's discretion
to impose any punishment within the prescribed range to be "essentially 'unfettered.'" Id.
at 323 (quoting Miller-El v. State, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990)). Under the
record before us, it would appear that Buchanan's contention has no merit as he does not
explain how adding a mere four months to the fourteen-month request made by his trial
counsel results in a grossly disproportionate sentence. 

 We do not reach the merits of Buchanan's issue, however, as we find he failed to
preserve it for our review. Except under limited circumstances, in order to preserve error for
appellate review, a timely and reasonably specific objection, followed by an adverse ruling,
is required. Tex. R. App. P. 33.1(a); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App.
2004); Marin v. State, 851 S.W.2d 275, 278-79 (Tex. Crim. App. 1993). The failure to
specifically object to an alleged disproportionate sentence in the trial court or in a post-trial
motion waives any error. See Wise v. State, 223 S.W.2d 548, 554 (Tex. App.-- Amarillo
2007, pet. ref'd); Hergert v. State, 197 S.W.3d 394, 399 (Tex. App.--Beaumont 2006, no
pet.). A defendant may waive the constitutional right to be free from cruel and unusual
punishment. Wise, 223 S.W.3d at 554; Castaneda v. State, 135 S.W.3d 719, 723 (Tex. App.--Dallas 2003, no pet.). As the issue of disproportionality of Buchanan's eighteen-month
sentence for forgery is being raised for the first time on appeal, he has forfeited his right to
have us consider it, as he did not first bring it to the trial court's attention by way of a timely,
specific objection, request, or motion, and secure an adverse ruling as required under Rule
33.1(a). Buchanan's issue is overruled and the judgment of the trial court is affirmed.

 AFFIRMED. 

 __________________________________

 CHARLES KREGER

 Justice


Submitted on April 12, 2007

Opinion Delivered July 25, 2007

Do not publish

Before Gaultney, Kreger and Horton, JJ.
1. This citation is to the current version of section 32.21 effective September 1,
2003. We cite the current version for clarity as the amendment has no effect on
Buchanan's prosecution or on resolution of the issue presented.