**Opinion filed July 22, 2010**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-09-00282-CR, 11-09-00283-CR, 11-09-00284-CR, & 11-09-00285-CR

_____

## CHRISTINA STAR UTLEY, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause Nos. 22062, 22092, 22093, & 22094**

## M E M O R A N D U M   O P I N I O N

Christina Star Utley was indicted in four separate cause numbers for arson. Appellant entered open pleas of guilty in each cause number. The trial court conducted a punishment hearing. At the conclusion of the evidence, the trial court convicted appellant in each cause number, assessed appellant's punishment for each offense at confinement for fifteen years, and ordered that the sentences run concurrently. We modify and affirm.

*Background*

The indictments alleged that, on or about March 22, 2009, appellant started four grass fires along county roads in Eastland County. The evidence at the punishment hearing showed that appellant and two companions used appellant's cigarette lighter to start the fires. Numerous local fire departments helped fight the fires. One of the fires, known as the Wilks fire, burned about eighty acres of property. Another one of the fires, known as the Finley fire, burned about thirty acres of property and endangered an assisted living facility, many homes, and a business. Cisco Fire Chief Walter Avery Fairbanks secured the assistance of the Texas Forest Service in fighting the Finley fire. With the aid of a Texas Forest Service helicopter, the Finley fire was brought under control.

*Issues on Appeal*

Appellant presents three issues on appeal. In her first issue, she contends that the trial court erred in permitting Chief Fairbanks to provide speculative testimony about what the likely outcome of the Finley fire would have been in the absence of assistance from the Texas Forest Service in extinguishing it. In her second issue, she contends that her fifteen-year sentences were grossly disproportionate to the offenses committed and that, therefore, the sentences constituted cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution and Article I, section 13 of the Texas Constitution. In her third issue, appellant contends that the trial court abused its discretion in denying her application for community supervision.

*Evidentiary Issue*

At the punishment hearing, Chief Fairbanks testified about the nature of the Finley fire. The following exchange took place during his testimony:

Q. [PROSECUTOR]: But for the assistance from the Texas Forest Service and their helicopter, what would the outcome likely have been?

[DEFENSE COUNSEL]: Objection, speculation.

Q. [PROSECUTOR]: Based on your training and experience?

A. Based on my training and experience --

[DEFENSE COUNSEL]: Objection, Your Honor. It still calls for speculation as to the future damages.

[THE COURT]: Overruled.

Q. [PROSECUTOR]: You can answer the question.

A. I believe that long hours of firefighting, more damage, more property damage. Our resources, you know, worn to the extent of not able to protect our normal routine stuff, you know, what I call a real emergency, emergencies that occur just daily and all our resources were pulled away from that to cover something that should have never happened. That's just my opinion.

Appellant contends that this testimony by Chief Fairbanks was about "speculative possible but non-actual damages" and, therefore, was inadmissible.

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Rodriguez v. State*, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006); *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). During the punishment phase, the trial court may admit evidence on any matter it deems relevant to sentencing. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2009); *Hayden v. State*, 296 S.W.3d 549, 552 (Tex. Crim. App. 2009). Evidence is relevant to sentencing if it helps the factfinder in determining the appropriate sentence for a particular defendant in a particular case. *Hayden*, 296 S.W.3d at 552; *Rodriguez*, 203 S.W.3d at 842.

In the trial court, appellant did not object to Chief Fairbanks's testimony on the ground that it was not relevant to sentencing. Rather, appellant only lodged a "speculation" objection. The record shows that Chief Fairbanks was an experienced firefighter. He testified that he was an advanced firefighter through the Texas Commission on Fire Protection, a master firefighter through the State Fireman and Fire Marshals Association, and an advanced fire investigator through the Texas Commission on Fire Protection. He also said that he was a basic fire inspector and a fire officer II. Based on his experience and credentials, Chief Fairbanks was qualified to testify about the nature of the Finley fire and the damages that it could have caused but for the assistance of the Texas Forest Service in extinguishing it. Therefore, the trial court properly overruled appellant's objection. In addition, we note that testimony regarding the nature of the Finley fire and the damages it could have caused was certainly relevant to sentencing. Appellant's first issue is overruled.

*Grossly Disproportionate Sentence Claim*

In her second issue, appellant contends that her fifteen-year sentences were grossly disproportionate to the crimes committed and constituted cruel and unusual punishment. Appellant did not object to her sentences at the time of sentencing or in any post-trial motions. Therefore, her second issue has not been preserved for review. *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Hergert v. State*, 197 S.W.3d 394, 399 (Tex. App.—Beaumont 2006, no pet.); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

Even if appellant had preserved her complaint, she could not succeed on her claim. The Eighth Amendment prohibits punishment that is "grossly disproportionate" to the offense for which a defendant has been convicted. *See Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring); *Solem v. Helm*, 463 U.S. 277, 288-290 (1983); *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992); *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd). In determining whether a sentence is grossly disproportionate to the offense committed, the reviewing court must first compare the gravity of the offense with the severity of the sentence. *McGruder*, 954 F.2d at 316; *Bradfield*, 42 S.W.3d at 353.

The record does not reflect that appellant's punishment was grossly disproportionate to the arson offenses. Appellant pleaded guilty to committing four second degree felony offenses of arson. The punishment assessed is within the punishment range for a second degree felony. TEX. PENAL CODE ANN. § 12.33(a) (Vernon Supp. 2009). Considering the serious nature of the offenses in these causes, appellant's sentences are not grossly disproportionate to the offenses for which she was convicted. Therefore, under the applicable case law, we do not compare appellant's sentences to sentences received for similar crimes in the same jurisdiction and sentences received for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316; *Bradfield*, 42 S.W.3d at 353-54. Appellant's second issue is overruled.

*Community Supervision Issue*

In her third issue, appellant contends that the trial court abused its discretion in failing to place her on community supervision. Appellant elected to have the trial court assess punishment. In such cases, the decision of whether to grant community supervision to the accused rests entirely within the discretion of the trial court and is not reviewable on appeal. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999); *Flournoy v. State*, 589 S.W.2d 705, 707 (Tex. Crim.

App. 1979); *Martin v. State*, 452 S.W.2d 481, 483 (Tex. Crim. App. 1970). Appellant's third issue is overruled.

*This Court's Ruling*

The judgments of the trial court are modified to reflect that appellant pleaded "GUILTY" to the offenses. As modified, the judgments are affirmed.


TERRY McCALL

JUSTICE


July 22, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.