Opinion filed July 22,
2010

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

 Nos. 11-09-00282-CR, 11-09-00283-CR, 11-09-00284-CR, &
11-09-00285-CR

                                                    __________

 

                              CHRISTINA
STAR UTLEY, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 91st District Court

 

                                                          Eastland
County, Texas

 

                                 Trial Court Cause Nos. 22062,
22092, 22093, & 22094

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Christina
Star Utley was indicted in four separate cause numbers for arson.  Appellant
entered open pleas of guilty in each cause number.  The trial court conducted a
punishment hearing.  At the conclusion of the evidence, the trial court
convicted appellant in each cause number, assessed appellant’s punishment for
each offense at confinement for fifteen years, and ordered that the sentences
run concurrently.  We modify and affirm.

 

Background


            The
indictments alleged that, on or about March 22, 2009, appellant started four
grass fires along county roads in Eastland County.  The evidence at the
punishment hearing showed that appellant and two companions used appellant’s
cigarette lighter to start the fires.  Numerous local fire departments helped
fight the fires.  One of the fires, known as the Wilks fire, burned about eighty
acres of property.  Another one of the fires, known as the Finley fire, burned
about thirty acres of property and endangered an assisted living facility, many
homes, and a business.   Cisco Fire Chief Walter Avery Fairbanks secured the
assistance of the Texas Forest Service in fighting the Finley fire.  With the
aid of a Texas Forest Service helicopter, the Finley fire was brought under
control.

Issues
on Appeal

            Appellant
presents three issues on appeal.  In her first issue, she contends that the
trial court erred in permitting Chief Fairbanks to provide speculative
testimony about what the likely outcome of the Finley fire would have been in
the absence of assistance from the Texas Forest Service in extinguishing it. 
In her second issue, she contends that her fifteen-year sentences were grossly
disproportionate to the offenses committed and that, therefore, the sentences constituted
cruel and unusual punishment in violation of the Eighth Amendment to the U.S.
Constitution and Article I, section 13 of the Texas Constitution.  In her third
issue, appellant contends that the trial court abused its discretion in denying
her application for community supervision.

Evidentiary
Issue

            At
the punishment hearing, Chief Fairbanks testified about the nature of the Finley
fire.   The following exchange took place during his testimony:

      Q.
[PROSECUTOR]: But for the assistance from the Texas Forest Service and their
helicopter, what would the outcome likely have been?

 

                
[DEFENSE COUNSEL]: Objection, speculation.

 

     Q.
[PROSECUTOR]: Based on your training and experience?

 

     A. Based on my
training and experience -- 

                                                                  

      [DEFENSE
COUNSEL]: Objection, Your Honor.  It still calls for speculation as to the future
damages.                                                   

 

                
[THE COURT]: Overruled.

 

     Q.
[PROSECUTOR]: You can answer the question.

 

     A. I believe
that long hours of firefighting, more damage, more property damage.  Our
resources, you know, worn to the extent of not able to protect our normal
routine stuff, you know, what I call a real emergency, emergencies that occur
just daily and all our resources were pulled away from that to cover something
that should have never happened.  That’s just my opinion.

 

Appellant
contends that this testimony by Chief Fairbanks was about “speculative possible
but non-actual damages” and, therefore, was inadmissible.

            We
review a trial court’s ruling on the admissibility of evidence under an abuse
of discretion standard.  Rodriguez v. State, 203 S.W.3d 837, 841 (Tex.
Crim. App. 2006); Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim.
App. 2000).  During the punishment phase, the trial court may admit evidence on
any matter it deems relevant to sentencing. Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2009); Hayden
v. State, 296 S.W.3d 549, 552 (Tex. Crim. App. 2009).  Evidence is relevant
to sentencing if it helps the factfinder in determining the appropriate
sentence for a particular defendant in a particular case.  Hayden, 296
S.W.3d at 552; Rodriguez, 203 S.W.3d at 842.

            In
the trial court, appellant did not object to Chief Fairbanks’s testimony on the
ground that it was not relevant to sentencing.  Rather, appellant only lodged a
“speculation” objection.  The record shows that Chief Fairbanks was an
experienced firefighter.  He testified that he was an advanced firefighter
through the Texas Commission on Fire Protection, a master firefighter through
the State Fireman and Fire Marshals Association, and an advanced fire
investigator through the Texas Commission on Fire Protection.  He also said
that he was a basic fire inspector and a fire officer II.  Based on his
experience and credentials, Chief Fairbanks was qualified to testify about the
nature of the Finley fire and the damages that it could have caused but for the
assistance of the Texas Forest Service in extinguishing it.  Therefore, the trial
court properly overruled appellant’s objection.  In addition, we note that
testimony regarding the nature of the Finley fire and the damages it could have
caused was certainly relevant to sentencing.  Appellant’s first issue is
overruled.

 

 

Grossly
Disproportionate Sentence Claim

            In
her second issue, appellant contends that her fifteen-year sentences were
grossly disproportionate to the crimes committed and constituted cruel and
unusual punishment.   Appellant did not object to her sentences at the time of
sentencing or in any post-trial motions.   Therefore, her second issue has not
been preserved for review.  Wynn v. State, 219 S.W.3d 54, 61 (Tex. App.—Houston
[1st Dist.] 2006, no pet.); Hergert v. State, 197 S.W.3d 394, 399 (Tex.
App.—Beaumont 2006, no pet.); Castaneda v. State, 135 S.W.3d 719, 723
(Tex. App.—Dallas 2003, no pet.).

            Even
if appellant had preserved her complaint, she could not succeed on her claim. 
The Eighth Amendment prohibits punishment that is “grossly disproportionate” to
the offense for which a defendant has been convicted.  See Harmelin v.
Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring); Solem v.
Helm, 463 U.S. 277, 288-290 (1983); McGruder v. Puckett, 954 F.2d
313, 315-16 (5th Cir. 1992); Bradfield v. State, 42 S.W.3d 350, 353
(Tex. App.—Eastland 2001, pet. ref’d).  In determining whether a sentence is
grossly disproportionate to the offense committed, the reviewing court must first
compare the gravity of the offense with the severity of the sentence. McGruder,
954 F.2d at 316; Bradfield, 42 S.W.3d at 353.

            The
record does not reflect that appellant’s punishment was grossly
disproportionate to the arson offenses.  Appellant pleaded guilty to committing
four second degree felony offenses of arson.  The punishment assessed is within
the punishment range for a second degree felony.  Tex. Penal Code Ann. § 12.33(a) (Vernon Supp. 2009). 
Considering the serious nature of the offenses in these causes, appellant’s
sentences are not grossly disproportionate to the offenses for which she was
convicted.  Therefore, under the applicable case law, we do not compare appellant’s
sentences to sentences received for similar crimes in the same jurisdiction and
sentences received for the same crime in other jurisdictions.  McGruder,
954 F.2d at 316; Bradfield, 42 S.W.3d at 353-54.  Appellant’s second
issue is overruled.

Community
Supervision Issue

            In
her third issue, appellant contends that the trial court abused its discretion
in failing to place her on community supervision.  Appellant elected to have
the trial court assess punishment.   In such cases, the decision of whether to
grant community supervision to the accused rests entirely within the discretion
of the trial court and is not reviewable on appeal.  Speth v. State, 6
S.W.3d 530, 533 (Tex. Crim. App. 1999); Flournoy v. State, 589 S.W.2d
705, 707 (Tex. Crim. App. 1979); Martin v. State, 452 S.W.2d 481, 483
(Tex. Crim. App. 1970).  Appellant’s third issue is overruled.

This
Court’s Ruling

            The
judgments of the trial court are modified to reflect that appellant pleaded
“GUILTY” to the offenses.  As modified, the judgments are affirmed.

 

 

                                                                                    TERRY
McCALL

                                                                                    JUSTICE


            

July 22, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.