Opinion filed September 2,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00070-CR

                                                    __________

 

                             ERIK
LEONARD PITCHER, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 104th District Court

                                                            Taylor
County, Texas

                                                    Trial
Court Cause No. 17191B

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Erik Leonard Pitcher entered an open plea of guilty to the offense of aggravated
sexual assault of a child.  The trial court convicted him of the offense and
sentenced him to confinement in the Institutional Division of the Texas
Department of Criminal Justice for a term of seventy-five years.  Appellant
challenges his punishment in a single issue.  He contends that his lengthy prison
sentence constitutes cruel and unusual punishment.  We affirm.

Background
Facts

            Appellant
executed a written stipulation of evidence in which he judicially confessed to
intentionally and knowingly causing his male sexual organ to penetrate the
female sexual organ of his four-year-old biological daughter.  After
considering the oral testimony of witnesses and watching appellant’s video
confession, the trial court sentenced him to a term of confinement of
seventy-five years.

Analysis

            Appellant
contends that the punishment assessed by the trial court is cruel and unusual
based upon the nature of the crime he committed and his lack of a prior
criminal history.  He supports his contention by asserting that he showed
remorse for his crime from the outset and that he has been a productive member
of society for most of his life.  He also points out that he did not attempt to
evade arrest and that he readily confessed to the crime when confronted with
it.

            The State contends that appellant did not preserve his
complaint for appellate review.  We agree.  Appellant did not object to his
sentence at the time of sentencing.  Appellant also did not allege an Eight
Amendment violation in his motion for new trial.[1] 
Therefore, his issue on appeal has not been preserved for review. Wynn v.
State, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); Hergert
v. State, 197 S.W.3d 394, 399 (Tex. App.—Beaumont 2006, no pet.); Castaneda
v. State, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

            Even
if appellant had preserved his complaint, he could not succeed on his claim.
The Eighth Amendment prohibits punishment that is “grossly disproportionate” to
the offense for which a defendant has been convicted. See Harmelin v.
Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring); Solem v.
Helm, 463 U.S. 277, 288-90 (1983); McGruder v. Puckett, 954 F.2d
313, 315-16 (5th Cir. 1992); Bradfield v. State, 42 S.W.3d 350, 353 (Tex.
App.— Eastland 2001, pet. ref’d).  In determining whether a sentence is grossly
disproportionate to the offense committed, the reviewing court must first
compare the gravity of the offense with the severity of the sentence.  McGruder,
954 F.2d at 316; Bradfield, 42 S.W.3d at 353.  We judge the gravity of the offense in light of the harm caused or threatened to society and the
offender’s culpability. Moore v. State, 54 S.W.3d 529, 542 (Tex. App.—Fort
Worth 2001, pet. ref’d).

The
Texas Legislature has indicated a strong desire to harshly punish those who
commit aggravated sexual assault by making the offense a first degree felony.  Tex. Penal Code Ann. § 22.021(e)
(Vernon Supp. 2009).  Furthermore, the legislature has established a minimum
term of imprisonment of twenty-five years when the victim of the aggravated
sexual assault is younger than six years of age.  Tex. Penal Code Ann. § 22.021(f) (Vernon Supp. 2009).  We conclude
that the gravity of appellant’s offense is not grossly disproportionate to the
severity of his sentence.  Irrespective of the fact that appellant does not
have any prior convictions, the gravity of the offense he committed against his
four-year-old biological daughter was extreme and heinous.  In this regard, the
victim’s counselor testified that she will likely have major issues in her life
because the perpetrator of her assault was someone who was supposed to be her
protector.  Therefore, under the applicable case law, we do not compare
appellant’s sentence to sentences received for similar crimes in the same
jurisdiction and sentences received for the same crime in other jurisdictions. McGruder,
954 F.2d at 316; Bradfield, 42 S.W.3d at 353-54.  Appellant’s sole issue
is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

September 2,
2010

Do not publish. 
See Tex. R. App. P.  47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Appellant only alleged that “the verdict in this cause
is contrary to the law and the evidence” in his motion for new trial.