**Opinion filed September 2, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00070-CR
_____

## ERIK LEONARD PITCHER, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 17191B**

### MEMORANDUM OPINION

Erik Leonard Pitcher entered an open plea of guilty to the offense of aggravated sexual assault of a child. The trial court convicted him of the offense and sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of seventy-five years. Appellant challenges his punishment in a single issue. He contends that his lengthy prison sentence constitutes cruel and unusual punishment. We affirm.

*Background Facts*

Appellant executed a written stipulation of evidence in which he judicially confessed to intentionally and knowingly causing his male sexual organ to penetrate the female sexual organ of his four-year-old biological daughter. After considering the oral testimony of witnesses and

watching appellant's video confession, the trial court sentenced him to a term of confinement of seventy-five years.

*Analysis*

Appellant contends that the punishment assessed by the trial court is cruel and unusual based upon the nature of the crime he committed and his lack of a prior criminal history. He supports his contention by asserting that he showed remorse for his crime from the outset and that he has been a productive member of society for most of his life. He also points out that he did not attempt to evade arrest and that he readily confessed to the crime when confronted with it.

The State contends that appellant did not preserve his complaint for appellate review. We agree. Appellant did not object to his sentence at the time of sentencing. Appellant also did not allege an Eight Amendment violation in his motion for new trial.[1] Therefore, his issue on appeal has not been preserved for review. *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Hergert v. State*, 197 S.W.3d 394, 399 (Tex. App.—Beaumont 2006, no pet.); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

Even if appellant had preserved his complaint, he could not succeed on his claim. The Eighth Amendment prohibits punishment that is "grossly disproportionate" to the offense for which a defendant has been convicted. *See Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring); *Solem v. Helm*, 463 U.S. 277, 288-90 (1983); *McGruder v. Puckett*, 954 F.2d 313, 315-16 (5th Cir. 1992); *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd). In determining whether a sentence is grossly disproportionate to the offense committed, the reviewing court must first compare the gravity of the offense with the severity of the sentence. *McGruder*, 954 F.2d at 316; *Bradfield*, 42 S.W.3d at 353. We judge the gravity of the offense in light of the harm caused or threatened to society and the offender's culpability. *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd).

The Texas Legislature has indicated a strong desire to harshly punish those who commit aggravated sexual assault by making the offense a first degree felony. TEX. PENAL CODE ANN. § 22.021(e) (Vernon Supp. 2009). Furthermore, the legislature has established a minimum term

---

[1] Appellant only alleged that "the verdict in this cause is contrary to the law and the evidence" in his motion for new trial.

of imprisonment of twenty-five years when the victim of the aggravated sexual assault is younger than six years of age. TEX. PENAL CODE ANN. § 22.021(f) (Vernon Supp. 2009). We conclude that the gravity of appellant's offense is not grossly disproportionate to the severity of his sentence. Irrespective of the fact that appellant does not have any prior convictions, the gravity of the offense he committed against his four-year-old biological daughter was extreme and heinous. In this regard, the victim's counselor testified that she will likely have major issues in her life because the perpetrator of her assault was someone who was supposed to be her protector. Therefore, under the applicable case law, we do not compare appellant's sentence to sentences received for similar crimes in the same jurisdiction and sentences received for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316; *Bradfield*, 42 S.W.3d at 353-54. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


September 2, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3