Affirmed and Memorandum Opinion filed November 18, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00690-CR

____________

 

CHANCE TONE POWELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 252nd District Court

Jefferson County, Texas

Trial Court Cause No. 09-06300

 



 

M E M O R
A N D U M   O P I N I O N

Appellant entered a plea of guilty to burglary of
habitation.  In accordance with the terms of a plea agreement with the State,
the trial court deferred adjudication of guilt, placed appellant under
community supervision for ten years, and assessed a fine of $1,000. 
Subsequently, the State moved to adjudicate guilt.  Appellant entered a plea of
true to three of the allegations contained in the motion to adjudicate.  The
trial court proceeded to adjudicate guilt and on June 30, 2010, sentenced
appellant to confinement for twenty years in the Institutional Division of the
Texas Department of Criminal Justice. Appellant filed a timely notice of
appeal. 

In two issues, appellant claims the sentence was
disproportionate and unreasonable in violation of his federal and state
constitutional rights.  See U.S. Const. amend. VIII; Tex. Const. art. I,
§ 13.  Appellant’s sentence falls within the applicable statutory range.  See
Tex. Pen. Code. §12.33.  The record does not reflect appellant objected to his
sentence in the trial court either at the time of sentencing or in any
post-trial motion.[1]  To
preserve error for appellate review that a sentence is disproportionate, constituting
cruel and unusual punishment, a party must present a timely request, objection
or motion to the trial court, state the specific grounds for the objection, and
obtain a ruling.  See Tex. R. App. P. 33.1(a) and Hergert v. State,
197 S.W.3d 394, 399 (Tex. App. – Beaumont 2006, no pet.).  Appellant has waived
his complaints.  We therefore overrule appellant’s issues and affirm the trial
court’s judgment.

 

PER CURIAM

 

Panel consists of Justices
Seymore, Boyce and Christopher.

Do Not Publish C Tex. R. App. P.
47.2(b).









[1] Appellant’s brief states
the claim was raised “in a post-verdict motion filed with the trial court,
which was denied on November 16, 2009.”  We find no such motion in the record
and neither the docket sheet nor the letter of assignment reflect a
post-verdict motion was filed.  The judgment in this case was entered on June
30, 2010, and the record does not show any activity from July 2009 to January
2010.  Appellant sent a letter to the trial court, pro se, complaining of his
sentence but no ruling was obtained.